UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL MARTIN on behalf of M.M., <br><br> Plaintiff, <br><br> v. <br><br> SKYWEST AIRLINES, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEAL CASE (DOC. NO. 3)** <br><br> Case No. 2:25-cv-00764 <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Daphne A. Oberg |

Proceeding without a lawyer, Michael Martin brought this case against Skywest Airlines on behalf of his minor child, M.M.[1] Mr. Martin moves to seal the case in its entirety.[2] "Courts have long recognized a common-law right of access to judicial records."[3] "Court records are presumptively open to the public" and sealing court documents is "highly discouraged."[4] This "strong presumption" is particularly salient where the documents relate to litigants' substantive legal rights.[5] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests

---

[1] (Compl., Doc. No. 1.)

[2] (Mot. for Non-public Case Filing (Mot.), Doc. No. 3.)

[3] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[4] DUCivR 5-3(a)(1).

[5] *Colony Ins. Co.*, 698 F.3d at 1242.

heavily outweigh the public interests in access."[6] But the party seeking to restrict access has the burden of showing "some significant interest that outweighs the presumption."[7]

    Mr. Martin has not justified sealing this entire case. He merely states he is M.M.'s guardian and M.M. is a minor.[8] Procedural rules protect minors' personal identifying information. Specifically, fillings in federal court may only include a minor's birth year and initials, rather than a birth date or full name.[9] There is no reason to seal this case entirely where Mr. Martin can and must redact M.M.'s personal identifying information before filing documents publicly. If Mr. Martin would like to file documents under seal going forward, he must comply with the relevant rules and procedures.[10]

---

[6] *Id.* (internal quotation marks omitted).

[7] *Id.* (internal quotation marks omitted).

[8] (Mot. 1, Doc. No. 3.) Mr. Martin appears to base the motion on 18 U.S.C. § 3509(d)(1)(A)(i), (*id.*), which is a federal rule of criminal procedure inapplicable to this civil action. *See* 18 U.S.C. § 3509(d)(1)(A)(i) ("A person acting in a capacity described in subparagraph (B) *in connection with a criminal proceeding* shall keep all documents . . . concerning a child in a secure place . . . ." (emphasis added)).

[9] See Fed. R. Civ. P. 5.2(a); DUCivR 5.2-1(a), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202024.pdf [https://perma.cc/5Q6K-4Q5R] ("A party must redact the personal identifiers listed in Fed. R. Civ. P. 5.2 in every court filing.").

[10] *See* DUCivR 5-3(a)–(b) (motions to seal must show good cause, and parties "must refrain from filing motions . . . under seal merely because an attached exhibit contains protectable information"—the party must redact the sensitive information, publicly file the document, and then follow the procedures for filing a sealed version).

The motion to seal this case[11] is denied. The clerk's office is directed to unseal this case as a whole. However, the clerk is also directed to seal the document entitled "redacted amendment complaint"[12] as it contains a minor's full name, which is protectable information.

DATED this 3rd day of October, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[11] (Doc. No. 3.)

[12] (Doc. No. 7.)