UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL MARTIN on behalf of M.M., <br><br> Plaintiff, <br><br> v. <br><br> SKYWEST AIRLINES, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENING MOTION FOR RECUSAL (DOC. NO. 12)** <br><br> Case No. 2:25-cv-00764 <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney, Michael Martin brought this case against SkyWest Airlines on behalf of his minor child, M.M.[1] After being ordered to show cause why this case should not be dismissed for lack of standing,[2] Mr. Martin filed a motion asking the undersigned to recuse from the case.[3] He generally argues there have been First Amendment violations, although it is unclear by whom. He also contends he has a "duty to protect the best interest of a person"—presumably, M.M.[4]

---

[1] (Compl., Doc. No. 1.)

[2] (*See* Order to Show Cause Why This Action Should Not Be Dismissed for Lack of Standing 1, Doc. No. 8 (explaining Mr. Martin asserts no claims of his own and lacks standing to pursue claims on behalf of his minor child without an attorney).)

[3] (Mot. for Recusal (Mot.), Doc. No. 12.)

[4] (*Id.* at 1–2.) Mr. Martin identifies no statutory or legal authority in his motion.

Construing Mr. Martin's motion liberally,[5] he may be seeking disqualification under 28 U.S.C. § 455. Section 455 requires any "justice, judge, or magistrate judge of the United States" to disqualify herself if certain circumstances exist, most notably, "in any proceeding in which [her] impartiality might reasonably be questioned."[6] A judge has a "continuing duty to recuse" if she "concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality."[7] But "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are "not ordinarily sufficient to require [§] 455(a) recusal."[8] Further, "rulings alone almost never constitute a valid basis for a bias or partiality motion."[9]

Mr. Martin has not shown a basis for disqualification. He identifies no factual matters supporting disqualification or requiring recusal. He merely states he has a duty to protect his child's best interest and generally claims there have been constitutional violations (without further explanation). As noted in the order to show cause, Mr. Martin cannot, as a non-attorney, bring claims on behalf of a minor child without an attorney.[10]

---

[5] Because Mr. Martin proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] 28 U.S.C. § 455(a).

[7] *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).

[8] *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

[9] *United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020) (unpublished) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

[10] *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of

The order to show cause why this case should not be dismissed on these grounds does not provide a valid basis to question the court's impartiality.

In other words, Mr. Martin has not shown any factual grounds exist to cause an objective observer to reasonably question the undersigned's impartiality. He fails to demonstrate grounds for recusal. Accordingly, Mr. Martin's motion[11] is denied.

DATED this 1st day of December, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

others."); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

[11] (Doc. No. 12.)